IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 17-cv-02535-CMA-STV (consolidated for all purposes with Civil Action No. 17-cv-02862-MJW)

ECO-SITE LLC, a Delaware limited liability company, and
T-MOBILE WEST LLC, a Delaware limited liability company,

    Plaintiffs,

v.

COUNTY OF PUEBLO, COLORADO, a Colorado County, acting by and through its Board of County Commissioners,

    Defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO CONSOLIDATE CASES

This matter is before the Court on Defendant Board of County Commissioners for the County of Pueblo, Colorado's Unopposed Motion to Consolidate Cases. (Doc. # 19.) For the reasons set forth below, Defendant's Motion to Consolidate is granted, and *Eco-Site, LLC, et al. v. County of Pueblo, Colorado*, No. 17-cv-02862-MJW ("*Eco-Site II*"), is consolidated into the present action ("*Eco-Site I*").

### I.    BACKGROUND

In the case now before the Court, *Eco-Site I*, Plaintiffs Eco-Site, LLC and T-Mobile West, LLC allege violations of the Federal Telecommunications Act of 1996, 47 U.S.C. § 332(c)(7), *et seq.* (the "Act"), and state law by Defendant. (Doc. # 1 at 1.) Plaintiffs assert that Defendant unlawfully denied their request for approval to place and

construct a one hundred-foot tall "fully stealthed wireless telecommunications tower" on real property zoned for agriculture in Pueblo County. (*Id*. at 2.) According to Plaintiffs, Defendant's denial effectively prohibited the provision of personal wireless services, was not supported by substantial evidence, and unreasonably discriminated against providers of functionally equivalent services. (*Id.* at 13–16.) Plaintiffs filed their Complaint on October 23, 2017, *see generally* (*id.*), and Defendant answered on January 30, 2018 (Doc. # 20).

In *Eco-Site II*, No. 17-cv-02862-MJW, Plaintiffs challenge Defendant's denial of their permit application to construct a two hundred-foot, lattice-type telecommunications tower in western Pueblo and assert that Defendant violated Section 332(c)(7) of the Act. Plaintiffs filed the *Eco-Site II* Complaint November 29, 2017 and simultaneously filed a Notice of Case Association, advising the Court that the action is related to *Eco-Site I*. Defendant answered on January 30, 2018.

On January 12, 2018, Defendant filed the instant Motion to Consolidate. (Doc. # 19.) Defendant requests that *Eco-Site I* and *Eco-Site II* be consolidated for all purposes and represents that Plaintiffs do not oppose consolidation. (*Id.* at 1 n.1.)

## II.     LAW AND ANALYSIS

The determination whether to consolidate cases is governed by Rule 42(a) of the Federal Rules of Civil Procedure, which provides, in pertinent part:

> When actions involving **a common question of law or fact** are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a) (emphasis added).

This rule allows the Court "to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." *Breaux v. Am. Family Mut. Ins. Co.*, 220 F.R.D. 366, 367 (D. Colo. 2004) (quoting 9 Charles Alan Wright, et al., *Fed. Prac. & Proc.* § 2381 at 427 (2d ed. 1995)). The decision of whether to consolidate cases is committed to this Court's sound discretion. *Adams v. Veolia Transp.*, No. 11-cv-02491-PAB-KMT, 2012 WL 171470, at *1 (D. Colo. Jan. 20, 2012) (citing *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978)). In exercising its discretion, the Court considers "whether judicial efficiency is best served by consolidation." *Otter Prod., LLC v. Treefrog Dev., Inc.*, No. 11-CV-02180-WJM-KMT, 2013 WL 490964, at *1 (D. Colo. Feb. 7, 2013) (quoting *C.T. v. Liberal School Dist.*, 562 F. Supp. 2d 1324, 1346 (D. Kan. 2008).) "The [C]ourt generally weighs the saving of time and effort that consolidation would produce against any inconvenience, delay, or expense that consolidation would cause." *Id*.

Common questions of law and fact predominate in *Eco-Site I* and *Eco-Site II* such that consolidation is appropriate. First, there are numerous common questions of fact. The cases involve the same exact parties, represented by the same counsel, and concern Defendant's denial of Plaintiffs' permit application to construct a wireless communications facility. Defendant and non-party the Pueblo County Planning Commission conducted the same permit review process for each application. As a result, discovery in both cases will likely focus on the same individuals and records. There is also a common question of law. Plaintiffs make nearly identical claims

regarding violations of Act in both *Eco-Site I* and *Eco-Site II*.  Accordingly, whether Defendant violated the Act is a legal question common to the cases.  Given these significant commonalities, consolidation is appropriate.

Consolidation for pretrial matters will promote judicial economy and efficiency.  Because the cases are at the same early procedural juncture and are stayed pending this Court's decision on the instant Motion to Consolide, scheduling consolidated proceedings will be an uncomplicated task.  The Court's time and the parties' time will be more efficiently used if the cases are consolidated.

The Court is also satisfied that consolidation will not prejudice the parties.  Plaintiffs do not oppose consolidation.  *See* (Doc. # 19 at 1 n.1.)

### III.    CONCLUSION

For the foregoing reasons, it is ORDERED that Defendant's Motion to Consolidate (Doc. # 19) is GRANTED for all purposes.  It is

FURTHER ORDERED that the Court consolidates the following actions for all purposes: (1) 17-cv-02535-CMA-STV (the instant action, *Eco-Site I*), and (2) 17-cv-02862-MJW (*Eco-Site II*).  All subsequent filings in either of these actions shall be docketed under Case No. 17-cv-02535-CMA-STV and captioned as set forth above.  It is

FURTHER ORDERED that the Court's previous Order Granting the Joint Motion to Stay the instant action (Doc. # 23) is hereby vacated.

DATED: April 9, 2018

BY THE COURT:

*Christine M. Arguello*

_____
CHRISTINE M. ARGUELLO
United States District Judge