IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 17-cv-02535-CMA-STV (consolidated for all purposes with Civil Action No. 17-cv-02862-CMA-STV)

ECO-SITE LLC, a Delaware limited liability company, and
T-MOBILE WEST LLC, a Delaware limited liability company,

    Plaintiffs,

v.

COUNTY OF PUEBLO, COLORADO, a Colorado County, acting by and through its Board of County Commissioners,

    Defendant,

v.

SAM C. BROWN,

    Intervenor Defendant.

## ORDER AFFIRMING UNITED STATES MAGISTRATE JUDGE'S ORDER GRANTING INTERVENOR DEFENDANT SAM BROWN'S MOTION TO INTERVENE AND OVERRULING PLAINTIFF T-MOBILE'S OBJECTION

The matter before the Court is Plaintiff T-Mobile West LLC's Objection (Doc. # 38) to an Order issued by Magistrate Judge Scott T. Varholak (Doc. # 36), wherein he permitted Sam C. Brown to intervene as an Intervenor Defendant (Doc. # 27). For the following reasons, this Court overrules Plaintiff's Objection and affirms Magistrate Judge

1

Varholak's Order. The Order is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(A); Federal Rule of Civil Procedure 72(a).

## I. <u>BACKGROUND</u>

On October 23, 2017, Plaintiffs Eco-Site, LLC and T-Mobile West, LLC ("Plaintiff T-Mobile") brought an action under the Federal Telecommunications Act of 1996 ("TCA")[1] against Defendant County of Pueblo, Colorado, through its Board of County Commissioners ("Defendant Board"), for allegedly unlawfully denying Plaintiffs a special use permit to construct a wireless communications facility. (Doc. # 1.)

On May 7, 2018, Sam Brown, a private citizen of and property owner in Pueblo, filed a Motion to Intervene as a defendant in the matter. (Doc. # 27.) Mr. Brown argued that his quiet enjoyment of his land and his property value will diminish if the Court orders Defendant Board to issue Plaintiffs a special use permit because his property is adjacent to the proposed site for the wireless communications facility. (*Id.* at 4.) After both Plaintiffs opposed Mr. Brown's Motion to Intervene on May 25, 2018 (Doc. ## 30, 32), Mr. Brown filed a reply in support of intervention on June 4, 2018 (Doc. # 34).

---

[1] Pursuant to Section 332 of the TCA, "the regulation of the placement, construction, and modification of personal wireless service facilities by [local zoning authorities] shall not unreasonably discriminate among providers of functionally equivalent services; and . . . shall not prohibit or have the effect of prohibiting the provision of personal wireless services." Local zoning authorities "shall act on any request for authorization to place, construct, or modify personal wireless service facilities within a reasonable period of time after the request is duly filed . . . taking into account the nature and scope of such request. Any decision by a [local authority] to deny [such] a request . . . shall be in writing and supported by substantial evidence contained in a written record. . . [Local authorities may not] regulate the placement, construction, and modification of personal wireless service facilities on the basis of the environmental effects of radio frequency emissions to the extent that such facilities comply with the Commission's regulations concerning such emissions." 47 U.S.C. § 332(c)(7)(B)(i)–(iv).

2

On June 11, 2018, Magistrate Judge Varholak held a hearing on Mr. Brown's Motion to Intervene. (Doc. # 35.) Magistrate Judge Varholak subsequently concluded that Mr. Brown may intervene as a defendant as a matter of right and granted his Motion to Intervene on June 21, 2018.[2] (Doc. # 36 at 8.) Magistrate Judge Varholak therefore declined to address Mr. Brown's alternative argument regarding permissive intervention. (*Id.* at 2.) On June 22, 2018, Mr. Brown filed his Answer to Plaintiffs' Complaint (Doc. # 37), as Magistrate Judge Varholak had ordered (Doc. # 35 at 2).

Plaintiff T-Mobile now objects to Magistrate Judge Varholak's conclusion that Mr. Brown may intervene as a matter of right. (Doc. ## 38, 40.) Plaintiff T-Mobile further argues that Mr. Brown may not permissively intervene in the matter. (Doc. # 40 at 16–17.) Accordingly, it urges this Court to reverse Magistrate Judge Varholak's Order and deny Mr. Brown's Motion to Intervene. (*Id*. at 18.)

## II.  STANDARD OF REVIEW

When a magistrate judge issues an order on a nondispositive pretrial matter, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Under the clearly erroneous standard, "the reviewing court [must] affirm unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has

---

[2] Mr. Brown did not initially attach an answer to his Motion to Intervene. (Doc. # 40 at 7.) However, Magistrate Judge Varholak excused Mr. Brown's default and imposed a deadline of June 22, 2018 to submit an answer. (*Id.*) Although Magistrate Judge Varholak issued his Order granting intervention on June 21, 2018, the Court affirms his excusal of Mr. Browns default and notes that Mr. Brown complied with the deadline by submitting his answer on June 22, 2018.

3

been committed.'" *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)); *Allen v. Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir. 2006).

### III. ANALYSIS

Magistrate Judge Varholak's Order is not clearly erroneous or contrary to law. Federal Rule of Civil Procedure 24(a)(2) provides that a non-party may intervene in a pending action as a matter of right when: (1) the motion is timely; (2) the applicant claims an interest relating to the property that is the subject of the action; (3) the applicant's interest "may as a practical matter" be impaired or impeded; and (4) existing parties do not adequately represent the applicant's interests. *United States v. Albert Inv. Co.*, 585 F.3d 1386, 1391 (10th Cir. 2009). As to the second element, the Tenth Circuit has determined that the applicant's interest must be "direct, substantial, and legally protectable." *Utah Ass'n of Ctys.*, 255 F.3d 1246, 1251 (10th Cir. 2001) (quoting *Coal. of Ariz./N.M. Ctys. for Stable Econ. Growth v. Dep't of Interior*, 100 F.3d 837, 839 (10th Cir. 1996)). The Tenth Circuit follows a "somewhat liberal line in allowing intervention." *Id.* at 1249.

Plaintiff T-Mobile argues that Magistrate Judge Varholak's Order is contrary to law because Mr. Brown cannot satisfy the second, third, and fourth requirements for establishing intervention as a matter of right.[3] (Doc. # 40.) The Court will consider each objection in turn.

---

[3] Plaintiff does not take issue with Magistrate Judge Varholak's determination that Mr. Brown timely moved to intervene. (Doc. # 40 at 6); *see* (Doc. # 36 at 3.) The Court is satisfied that this

4

## A. DIRECT, SUBSTANTIAL, AND LEGALLY PROTECTABLE INTEREST RELATED TO THE PROPERTY IN DISPUTE

Magistrate Judge Varholak determined that Mr. Brown has a direct, substantial, and legally protectable interest in this matter because the construction of the wireless telecommunications facility will adversely impact the aesthetic and value of his property and that Mr. Brown therefore satisfies the second element of Rule 24(a)(2). (Doc. # 36 at 5.) Plaintiff T-Mobile objects to that determination and argues that neither aesthetics nor property value are legally protectable interests when evaluated in the context of Section 332. (Doc. # 40 at 9.) Further, Plaintiff T-Mobile asserts the cited legal authority in the Order is contrary to law and does not support this conclusion, primarily because the cited authority does not stem from Section 332 issues. (*Id*. at 7–9.)

"[T]he inquiry [for determining a legally protectable interest] is highly fact-specific, and the interest test is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *Utah Ass'n of Ctys*., 255 F.3d at 1251–52 (internal quotations omitted).

The Tenth Circuit has not expressly addressed whether an applicant's interest must be protected by Section 332 of TCA when that applicant seeks to intervene in an action brought under that statute. Therefore, the Court looks to other persuasive authority, including other federal Circuit Courts of Appeals. For example, in a similar posture, the Ninth Circuit previously imposed a categorical prohibition of interested parties from intervening as a matter of right based on the merits of claims brought under

---

determination is sound and therefore does not address the first element of Rule 24(a)(2).

the National Environmental Policy Act of 1969 ("NEPA"). *Wilderness Soc. v. U.S. Forest Serv*., 630 F.3d 1173, 1176 (9th Cir. 2011). Private parties and state and local government entities were prohibited from intervening as defendants in NEPA cases because the federal government was believed to be the only proper defendant in a NEPA governmental compliance action. *Id*. at 1178. "The rationale for this rule is that such parties lack a 'significantly protectable' interest warranting intervention of right . . . because NEPA is a procedural statute that binds only the federal government." *Id*. at 1177.

However, after finding the prohibition was "at odds with the text of Federal Rule of Civil Procedure 24(a)(2) and the standards . . . appl[ied] in all other intervention of right cases," the Ninth Circuit abandoned the prohibition of private parties to a lawsuit when the statute governing the Plaintiff's claim focused on governmental compliance. *Id*. at 1176. The Ninth Circuit reasoned that the prohibition "mistakenly focuses on the underlying legal claim instead of the property or transaction that is the subject of the lawsuit. No part of Rule 24(a)(2)'s prescription engrafts a limitation on the intervention of right to parties liable to the plaintiffs on the same grounds as the defendants." *Id*. at 1178. The Ninth Circuit then "clarified that a prospective intervenor's asserted interest **need not be protected by the statute under which the litigation is brought** to qualify as 'significantly protectable' under Rule 24(a)(2)." *Id.* at 1179 (emphasis added) (internal citation omitted). Therefore, the Ninth Circuit changed the intervention inquiry to deciding whether "the interest is protectable under **some** law," and whether "there is a relationship between the legally protected interest and the claims at issue instead of

6

prohibiting intervention on the merits of a specific claim." *Id.* (emphasis added) (internal citation omitted).

The Court is persuaded by the Ninth Circuit's reasoning because like the Tenth Circuit, the Ninth Circuit interprets Rule 24 "broadly in favor of proposed intervenors." *Id.* at 1179; *see Utah Ass'n of Ctys.*, 255 F.3d at 1249. Plaintiff T-Mobile cites the interest inquiry in *Wilderness* to argue that Mr. Brown, as a private citizen, does not have a legally protectable interest in this case because Mr. Brown's interests will not add any further clarity or insight to its asserted claims, which are focused on the local government's compliance with the TCA. (Doc. # 40 at 8–11.) Plaintiff T-Mobile further argues that Section 332 of the TCA is "a very specific provision of federal law" that limits both local government authority and standing, therefore there is not a relationship between Mr. Brown's interests and the claims at issue. *Id.* However, Plaintiff T-Mobile fails to realize its argument is one that the Ninth Circuit expressly rejected. *See Wilderness*, 630 F.3d at 1178–80. The interest inquiry is not whether Mr. Brown's interests will add value to the asserted underlying legal claims, but rather whether his interests are protected by some law and relate to the claims in dispute.

Applying this logic to the matter presently before the Court, Mr. Brown's asserted interest need only be protected by **some** law, instead of protected by Section 332. The Court therefore considers whether Mr. Brown's stated interests are protectable under "some law." In Colorado, "a complaining property owner . . . has a legally protected interest in insulating its property" that is subject to land use decisions that would diminish the value of their property from "adverse effects". *See Bd. of Cty. Comm'rs of*

7

*Adams Cty. v. City of Thornton*, 629 P.2d 605, 609 (Colo. 1981) (holding "[i]t cannot be doubted that diminution of value of the City property constituted injury in fact. Therefore, if the City's interest in maintaining the value of its property is legally protected, the [] test for standing has been met.").

Mr. Brown's asserted interests are, therefore, legally protectable under some law. As for the second prong of the interest inquiry, Mr. Brown's interests in his land adjacent to the property in dispute demonstrate a relationship between his legally protected interests and the claims at issue. Accordingly, the Court finds Magistrate Judge Varholak's determination that Mr. Brown's stated interests are sufficient to satisfy the interest inquiry is not erroneous.

**B.    IMPAIRED OR IMPEDED INTEREST**

After finding that Mr. Brown has legally protectable interests in this case, Magistrate Judge Varholak determined that the disposition of the case may impair or impede Mr. Brown's ability to protect his interests. (Doc. # 36 at 5–6.) Magistrate Judge Varholak reasoned that if Plaintiffs are successful in overturning Defendant Board's decision, then the wireless communications facility will be built, which may impair Mr. Brown's legally protected interests. *Id.* at 6. Plaintiff T-Mobile objects to that conclusion and argues that Mr. Brown does not possess a legally protectable interest, so his interests will not be impaired as a result of the outcome of this case. (Doc. # 40 at 13.)

The applicant must establish that the disposition of the lawsuit "may as a practical matter impair or impede [his] ability to protect [his] interest." *Stable Econ.*

8

*Growth*, 100 F.3d 837 at 844 (citing Fed. R. Civ. P. 24(a)(2)). The burden is minimal and such impairment need not be "of a strictly legal nature." *Id*. (internal citation omitted).

For the same reasons the Court identified in discussing the interest inquiry, the Court finds that Mr. Brown has established the third element of the Rule 24 analysis. Therefore, Magistrate Judge Varholak's conclusion that Mr. Brown's ability to protect his interests may be impaired by excluding him from the case is sound.

**C.     ADEQUATE REPRESENTATION BY EXISTING PARTIES**

Next, Magistrate Judge Varholak concluded that Mr. Brown's protected interests would not be adequately represented by Defendant Board because there is a possibility that the convergent interests of the government and Mr. Brown may diverge. (Doc. # 40 at 14–16.) Plaintiff T-Mobile argues that Mr. Brown's interests are adequately represented by Defendant Board because a "government entity is presumed to represent the interests of its citizens." (Doc. # 40 at 14.)

An applicant who seeks intervention as a matter of right must demonstrate that the existing parties do not adequately represent his interests, but this burden is minimal. *Stable Econ. Growth*, 100 F.3d at 844. "As a general rule, governmental agencies seeking to protect the interests of the public in a lawsuit are not able to represent effectively the interests of intervenor applicants in the same action." *Mt. Solutions v. State Corp. Comm'n*, 173 F.R.D. 300, 304 (D. Kan. 1997) (citing *Stable Econ. Growth*, 100 F.3d at 845). "The inherent conflict between these two groups 'satisfies the minimal burden of showing inadequacy of representation.'" *Id.* (quoting *Stable Econ. Growth*, 100 F.3d at 845).

9

Magistrate Judge Varholak thoroughly evaluated and analyzed the interests of Defendant Board and Mr. Brown, as well as the possibility of divergence of their interests. Magistrate Judge Varholak found the possibility that Plaintiffs and Defendant Board might settle in a manner that would still implicate the property adjacent to Mr. Brown was enough of a divergence to satisfy the minimal burden of the Rule 24 analysis. While Plaintiff T-Mobile argues that his reasoning is contrary to law, Plaintiff T-Mobile does not provide any **controlling** case law to support its assertion. *See* (Doc. # 40 at 14–16.) Without any argument as to how his Order was erroneous in light of controlling case law, the Court does not have a "firm conviction that a mistake has been committed." *See Ocelot Oil Corp.*, 847 F.2d at 1464. Thus, the Court finds that Magistrate Judge Varholak did not err in finding that Mr. Brown has satisfied the minimal burden of showing inadequate representation at the fourth and final element of Rule 24.

For these reasons, Magistrate Judge Varholak's Order permitting Mr. Brown's intervention as a matter of right is not clearly erroneous or contrary to law. As such, the Court will not address Mr. Brown's alternative argument regarding permissive intervention.

### IV. <u>CONCLUSION</u>

For the foregoing reasons, the Court AFFIRMS Magistrate Judge Varholak's Order (Doc. # 36) and OVERRULES Plaintiff T-Mobile's Objection (Doc. # 38).

DATED: October 29, 2018

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge